UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CASE NO.: 1:25-cv-13192

STEVEN LAMONT MARKOS,

        Plaintiff,

v.

UPTOWN TRANSPORT INC,

        Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff STEVEN LAMONT MARKOS by and through his undersigned counsel, brings this Complaint against Defendant UPTOWN TRANSPORT INC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff STEVEN LAMONT MARKOS ("Markos") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Markos's original copyrighted Work of authorship after removal of his copyright management information ("CMI").

2. Markos owns and operates the website, National Park Planner, www.npplan.com. Markos started National Park Planner in 2014 to bring to the public first-hand coverage of the over 400 National Parks that make up America's National Park System, including summaries of the park's amenities and professional photographs of the terrain.

3. Defendant UPTOWN TRANSPORT INC ("Uptown") is a sightseeing company with Boston's first double-decker open air tour bus with hop-on hop-off access throughout the

city. In addition to sight-seeing, Uptown offers charter services for corporate events, weddings, special occasions and private charter tours. At all times relevant herein, Uptown owned and operated the internet website located at the URL https://bostonsightseeing.us (the "Website").

4. Markos alleges that Uptown copied Markos's copyrighted Work from the internet in order to advertise, market and promote its business activities. Uptown committed the violations alleged in connection with its business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Uptown is subject to personal jurisdiction in Massachusetts.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Uptown engaged in infringement in this district, Uptown resides in this district, and Uptown is subject to personal jurisdiction in this district.

## DEFENDANT

9. Uptown Transport Inc is a Massachusetts Corporation, with its principal place of business at 94 Standard Street, Mattapan, MA, 02131-1714, and can be served by serving its Registered Agent, Munim A. Khan, at, 4115 Washington St, Apt 2, Roslindale, MA 02131.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2021, Markos created the photograph entitled "Boston-235," which is shown below and referred to herein as the "Work."



11. Markos registered the Work with the Register of Copyrights on November 16, 2021 as part of a group registration. The Group Registration was assigned registration number VA 2-283-251. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. Markos published the Work on July 31, 2021, by displaying it on his business website at https://npplan.com/parks-by-state/massachusetts-national-parks/boston-national-historical-park-park-at-a-glance/boston-national-historical-park-freedom-trail/boston-national-historical-park-historic-sites/boston-national-historical-park-charlestown-navy-yard/boston-national-historical-park/ (the "NNP Website"). At the time he published the Work on the NNP Website and at all times thereafter, Markos displayed usage and licensing rights to the public through a Photo Licensing tab[1] on the NNP Website.

13. At all relevant times Markos was the owner of the copyrighted Work.

---

[1] https://npplan.com/home-page/photo-usage/

14. Markos's display of the Work on the NNP Website also included copyright management information ("CMI") on the Work in the form of ©2021 STEVEN L. MARKOS embedded on the Work, and next to the Work by use of Markos's name, copyright notices, and the link to the licensing terms (collectively, the "Attributions").

15. Markos's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The Work is entirely original, distinctive, and unique in perspective, orientation, positioning, lighting, and other details. As such, the Work qualifies as subject matter protectable under the Copyright Act.

16. At all relevant times Markos was the owner of the copyrighted Work.

## INFRINGEMENT BY UPTOWN

17. Uptown has never been licensed to use the Work for any purpose.

18. On a date after the Work at issue in this action was created, but prior to the filing of this action, Uptown copied the Work.

19. On or about January 30, 2025, Markos discovered the unauthorized use of his Work on the Website at https://bostonsightseeing.us/boston-hop-on-hop-off-tour-map.

20. Uptown copied Markos's copyrighted Work without Markos's permission or authority.

21. After Uptown copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its sightseeing business.

22. Uptown copied and distributed Markos's copyrighted Work in connection with its business for purposes of advertising and promoting Uptown's business, and in the course and scope of advertising and selling products and services.

23. Uptown committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

24. Markos never gave Uptown permission or authority to copy, distribute or display the Work for any purpose.

25. When Uptown copied and displayed the Work, Uptown removed Markos's CMI from the Work.

26. Markos never gave Uptown permission or authority to remove CMI from the Work.

27. Markos notified Uptown of the allegations set forth herein on March 18, 2025, March 27, 2025, April 8, 2025, and April 24, 2025.  To date, the parties have failed to reach a resolution.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

28. Markos incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Markos owns a valid copyright in the Work.

30. Markos registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. Uptown copied, displayed, and distributed the Work and made derivatives of the Work without Markos's authorization in violation of 17 U.S.C. § 501.

32. Uptown performed the acts alleged in the course and scope of its business activities.

33. Uptown's acts were willful.

34. Markos has been damaged.

35. The harm caused to Markos has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

36. Markos incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work.

38. Uptown has a direct financial interest in the infringing material because it derives profits from the Website displaying the infringed Work.

39. Despite having the ability to stop the infringed Work from being displayed on its Website, Uptown allowed the materials to remain up for display.

40. To the extent that the actions described above were performed by the third-party alone, Uptown is vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work without Markos's authorization in violation of 17 U.S.C. § 501.

41. Markos has been damaged.

42. The harm caused to Markos has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

43. Markos incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

44. The Work at issue in this case contains CMI.

45. Uptown knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

46. Uptown knowingly and with the intent to enable or facilitate copyright infringement, distributed the Work at issue in this action with the CMI removed in violation of 17 U.S.C. § 1202(b).

47. Uptown committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Markos's rights in the Work at issue in this action protected under the Copyright Act.

48. Uptown caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Markos's rights in the Work at issue in this action protected under the Copyright Act.

49. Markos has been damaged.

50. The harm caused to Markos has been irreparable.

WHEREFORE, the Plaintiff STEVEN LAMONT MARKOS prays for judgment against the Defendant UPTOWN TRANSPORT INC that:

    a. Uptown and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

    b. Uptown be required to pay Markos his actual damages and Uptown's profits attributable to the infringement, or, at Markos's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

c.  Markos be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.  Markos be awarded pre- and post-judgment interest; and

e.  Markos be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Markos hereby demands a trial by jury of all issues so triable.

Dated: October 29, 2025                     Respectfully submitted,

*/s/ Rebecca A. Kornhauser*
REBECCA A. KORNHAUSER
BBO Number: 716854
Rebecca.kornhauser@sriplaw.com

SRIPLAW, P.A.
41 Madison Avenue
25th Floor
New York, NY 10010
646.517.3534 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Steven LaMont Markos*